NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0086n.06

No. 08-5871

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| In re: RALPH HARTFORD KIMBRO, JR.; PATRICIA ANN KIMBRO, | ) ) ) | **FILED**<br>**Feb 08, 2011**<br>LEONARD GREEN, Clerk |
| Debtors. | ) ) | |
| ——————————————————— | ) ) | |
| HENRY E. HILDEBRAND, III, Standing Trustee for Chapter 13, | ) ) ) | ON APPEAL FROM THE SIXTH CIRCUIT BANKRUPTCY APPELLATE PANEL |
| Appellant, | ) ) | |
| v. | ) ) | **O P I N I O N** |
| RALPH HARTFORD KIMBRO, JR.; PATRICIA ANN KIMBRO, | ) ) ) | |
| Appellees. | ) ) | |
| ——————————————————— | ) | |

**Before: MOORE and WHITE, Circuit Judges, and OLIVER, District Judge.**[*]

**PER CURIAM.** This case squarely presents a question of statutory interpretation that had split courts nationwide and has recently been resolved by the United States Supreme Court: whether, under a provision of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), an above-median-income debtor calculating his or her projected disposable income for purposes of a Chapter 13 plan confirmation may, when using Chapter 7's "means test," deduct for a vehicle's "ownership expense" even when the debtor owns the vehicle outright and is no longer

---

[*]The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

making payments on it. This circuit's Bankruptcy Appellate Panel (BAP) concluded that above-median-income debtors may claim such an expense without regard to whether they are still making payments or they own their vehicle free and clear. *In re Kimbro*, 389 B.R. 518 (B.A.P. 6th Cir. 2008). The dissenting judge would have held that a vehicle ownership expense may only be claimed if a debtor is in fact incurring such an expense. *Id.* at 532 (Fulton, J., dissenting). The Supreme Court resolved the circuit dispute against the interpretation favored by the BAP. *Ransom v. FIA Card Services, N.A.*, 131 S. Ct. 716, 79 USLW 4020 (2011). We **REVERSE** and **REMAND** to the BAP for reconsideration in light of *Ransom*.